IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN EVERIST DAVIS, TDCJ No. 1734875, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-1306-D-BN |
| TELFORD UNIT, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Benjamin Everist Davis, a Texas prisoner, convicted of multiple robberies in Dallas County, submitted a filing *pro se* that the Clerk of Court construed as a civil rights complaint, but which is incomprehensible. *See* Dkt. No. 3. Davis also failed to pay the filing fee or move for leave to proceed *in forma pauperis* ("IFP").

Senior United States District Judge Sidney A. Fitzwater referred this action to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned entered a notice of deficiency on June 20, 2024, providing:

> The civil complaint as filed is deficient. While it need not contain detailed factual allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
> "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
> But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting

*Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

To address deficiencies in the complaint as filed, and to facilitate the Court's screening of Davis's claims, attached to this order is a form civil rights complaint – prisoner that Davis must complete, date and sign, and return to the Court by **July 22, 2024**.

Failure to do so will result in a recommendation that this action be dismissed for failure to prosecute and obey a court order. *See* FED. R. CIV. P. 41(b).

The Court also CAUTIONS Davis that it will not screen the complaint as filed (or an amended complaint should one be filed) until either (1) the $405.00 filing fee is received or (2) Davis files a proper motion to proceed IFP and attaches to that motion a completed and verified certificate of inmate trust account ("CTA"). Accordingly, also attached to this order is a form application to proceed IFP – prisoner.

If he qualifies to proceed IFP, Davis must complete and file an IFP motion by **July 22, 2024**.

Failure to either pay the full filing fee or file a proper IFP motion supported by a completed and verified CTA by **July 22, 2024** will also result in a recommendation that the complaint be dismissed under Federal Rule of Civil Procedure 41(b).

The Court further CAUTIONS Davis that, because he filed this

> lawsuit while incarcerated or detained, the Prison Litigation Reform Act ("PLRA") applies to this case, *see* 28 U.S.C. § 1915(h) (defining "the term 'prisoner'" for purposes of the statute).
>
> Under the PLRA, "[a] prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. [28 U.S.C.] § 1915(b)(1). [So n]o relief from an order directing payment of the filing fee should be granted for a voluntary dismissal." *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam) (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)); *see, e.g., Bays v. United States*, No. 3:15-cv-1824-B-BN, 2015 WL 4930913 (N.D. Tex. Aug. 18, 2015).

Dkt. No. 4.

Davis timely responded by filing an amended complaint [Dkt. No. 5] and by moving for leave to proceed IFP [Dkt. No. 6].

The Court will enter a separate order granting the IFP motion under the PLRA, which requires that, where a plaintiff is imprisoned or detained pending trial and seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Under this obligation, the undersigned has considered the amended complaint, equally incomprehensible to Davis's initial filing. And, while the allegations may be unintelligent, on the fourth page of the operative complaint appears "request exoneration." Dkt. No. 5 at 4.

So, under the Court's duty to liberally construe *pro se* filings, the undersigned observes that post-conviction DNA testing can facilitate an exoneration in Texas. *See*

*Moon v. City of El Paso*, 905 F.3d 352, 355 (5th Cir. 2018) ("Brandon Lee Moon languished in prison nearly seventeen years for a crime he did not commit. Fortunately – albeit belatedly – post-conviction DNA testing exonerated him."); *Rice v. State*, Nos. 05-22-00135-CR & 05-22-00136-CR, 2023 WL 128392, at *2 (Tex. App. – Dallas Jan. 9, 2023, no pet.) ("Under Chapter 64 of the Texas Code of Criminal Procedure, a convicted person may request the convicting court to order post-conviction DNA testing of evidence that was collected in relation to the offense and was in the State's possession during the trial of the offense but was not previously subjected to DNA testing." (citation omitted)).

And "a postconviction claim for DNA testing is properly pursued in a [42 U.S.C.] § 1983 action," considering that "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive," and "[i]n no event will a judgment that simply orders DNA tests 'necessarily impl[y] the unlawfulness of the State's custody.'" *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)).

But, as the United States Supreme Court next observed in *Skinner*, its "decision in *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009), severely limits the federal action a state prisoner may bring for DNA testing. *Osborne* rejected the extension of substantive due process to this area, 557 U.S. at 72, and left slim room for the prisoner to show that the governing state law denies him procedural due process, *see id.* at 71." *Id.*

And, considering the operative Section 1983 complaint, Davis offers no

- 4 -

plausible allegations to demonstrate a constitutional violation – that is, Davis fails to plead facts from which the Court could infer that "the postconviction relief procedures as applied in [his] case were [(or are)] 'fundamentally inadequate to vindicate the substantive rights provided.'" *Harris v. Lykos*, No. 12-20160, 2013 WL 1223837, at *1 (5th Cir. Mar. 27, 2013) (per curiam) (quoting *Osborne*, 557 U.S. at 69); *see, e.g.*, *Johnson v. Hawk*, No. 3:16-cv-2438-M-BN, 2016 WL 7429480, at *4-*5 (N.D. Tex. Nov. 28, 2016) (examining a Section 1983 claim by a Texas prisoner based on the denial of postconviction DNA testing), *rec. accepted*, 2017 WL 1155853 (N.D. Tex. Mar. 27, 2017).

The Court should therefore dismiss the complaint under the PLRA for failure to state a claim on which relief may be granted.

## Recommendation

The Court should dismiss the complaint under 28 U.S.C. § 1915A(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE